IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RALPH E. UMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01094 |
| ) | Judge Nixon / Knowles |
| CEDARCROFT HOME INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Oleksandr Osipchuk ("Defendant"). Docket No. 17. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 18.

Plaintiff has not responded to the instant Motion.[1]

Plaintiff filed this pro se, in forma pauperis action alleging that Defendants[2] committed perjury and fraud to the Social Security Administration, and that they had asbestos and

---

[1] On February 8, 2016, Plaintiff filed a "letter" to Judge Nixon, which does not reference or address the instant Motion, but rather, simply accuses the Cedarcroft Defendants and/or their counsel of sending him threatening letters, and of committing perjury and fraud to the Social Security Administration. Docket No. 24. All Defendants have filed Responses to Plaintiff's "letter," denying the accusations contained therein, and the "letter" is not verified. Docket Nos. 25, 26. The undersigned will, therefore, not construe Plaintiff's "letter" as a Response.

[2] Plaintiff originally sued Cedarcroft Homes Incorporated, Peggy Zide, Oleksandr Osipchuk, J.A. Bryan, and Thomas Bryan. See Docket No. 1. Defendants Cedarcroft, Zide, J.A. Bryan, and Thomas Bryan filed a Motion for Summary Judgment (Docket No. 22), for which the undersigned has issued a separate Report and Recommendation (Docket No. ___). In that Report and Recommendation, the undersigned recommended that the Cedarcroft Defendants' Motion for Summary Judgment be granted, and that Plaintiff's claims against them be dismissed. Id. Accordingly, Dr. Oleksandr Osipchuk is the only remaining Defendant in this action.

formaldehyde in their main building, resulting in personal injury to him. Docket No. 1.

Plaintiff's allegations, in their entirety, are as follows:

> Stayed at Cedarcroft Home Incorporated from March 2011 to Feb 2012 Suffered Lung Damage and Severe Allergies Due to Asbestos and Phamahlydihide [*sic*] in Basement Main Building where I stayed from March 2011 to Jan 2012. Also falseifying [*sic*] to Social Security Administration on Payeeship. Stayed from May 28, 2015 to August 9th, 2015 Cedarcroft Home Inc Falsifying Payeeship to them saying was mentally incompetent could not handle own money. Let the record show was own Payee from 1991 to 2000 From 2006 to May 2011 to May 2013 to July 2015. Also Cedarcroft Home Inc. Ripped me off my 30.00 monthly stipend did not receive also having problems receiving back rent money from August. Left for West Va August 9th. Gave 30 day notice in writing July 13th 2015. Cedarcroft Home Incorporated said rent money from August 13th 2013 not August 9th 2013. Peggy Zide was Payee Both in 2011-2012 and 2015. Owner knows their [*sic*] is Asbestos in Main basement Building. Did not stay in Main Building from May 28th 2015 to August 9th 2015 Getting medical records for March 2011 to Feb 2012 Peggy Zide involved in WICCA connection with Volunteer behavioral Health Sueing [*sic*] in Federal court in Chattanooga Also did turn in Complaint to State of TN on their hotline in August 2015.

*Id.*

Plaintiff seeks $777,000.00 for "detriment of character and damages due to Asbestos and Phamyldihide [*sic*] to lungs." *Id.*

As noted, Plaintiff's Complaint does not contain specific averments against Dr. Osipchuk. *See* Docket No. 1. In fact, other than naming Dr. Osipchuk as a Defendant, Plaintiff does not mention him at all. *Id.*

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 17) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge