# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| RALPH E. UMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01094 |
| ) | Judge Nixon / Knowles |
| CEDARCROFT HOME INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Cedarcroft Home Inc., Peggy Zide, T.A. Bryan, and John Bryan ("Cedarcroft Defendants").[1] Docket No. 22. In support of their Motion, Cedarcroft Defendants have contemporaneously filed the Affidavit of Peggy Zide (Docket No. 22-1), a Statement of Undisputed Facts (Docket No. 22-2), and a supporting Memorandum of Law (Docket No. 22-3).

Plaintiff has not responded to the instant Motion or Statement of Undisputed Facts, nor has he filed his own Statement of Undisputed Facts.[2]

---

[1] Defendant Oleksandr Osipchuk is not a party to the instant Motion for Summary Judgment. He has filed a separate Motion to Dismiss, which is pending before the Court and which will be addressed in a separate Report and Recommendation. *See* Docket No. 17.

[2] On February 8, 2016, Plaintiff filed a "letter" to Judge Nixon, which does not reference or address the instant Motion, but rather, simply accuses the Cedarcroft Defendants and/or their counsel of sending him threatening letters, and of committing perjury and fraud to the Social Security Administration. Docket No. 24. All Defendants have filed Responses to Plaintiff's "letter," denying the accusations contained therein, and the "letter" is not verified. Docket Nos. 25, 26. The undersigned will, therefore, not construe Plaintiff's "letter" as a Response.

Plaintiff filed this pro se, in forma pauperis action alleging that Defendants committed perjury and fraud to the Social Security Administration, and that they had asbestos and formaldehyde in their main building, resulting in personal injury to him. Docket No. 1. Plaintiff's allegations, in their entirety, are as follows:

> Stayed at Cedarcroft Home Incorporated from March 2011 to Feb 2012 Suffered Lung Damage and Severe Allergies Due to Asbestos and Phamahlydihide [*sic*] in Basement Main Building where I stayed from March 2011 to Jan 2012. Also falseifying [*sic*] to Social Security Administration on Payeeship. Stayed from May 28, 2015 to August 9th, 2015 Cedarcroft Home Inc Falsifying Payeeship to them saying was mentally incompetent could not handle own money. Let the record show was own Payee from 1991 to 2000 From 2006 to May 2011 to May 2013 to July 2015. Also Cedarcroft Home Inc. Ripped me off my 30.00 monthly stipend did not receive also having problems receiving back rent money from August. Left for West Va August 9th. Gave 30 day notice in writing July 13th 2015. Cedarcroft Home Incorporated said rent money from August 13th 2013 not August 9th 2013. Peggy Zide was Payee Both in 2011-2012 and 2015. Owner knows their [*sic*] is Asbestos in Main basement Building. Did not stay in Main Building from May 28th 2015 to August 9th 2015 Getting medical records for March 2011 to Feb 2012 Peggy Zide involved in WICCA connection with Volunteer behavioral Health Sueing [*sic*] in Federal court in Chattanooga Also did turn in Complaint to State of TN on their hotline in August 2015.

*Id.*

Plaintiff seeks $777,000.00 for "detriment of character and damages due to Asbestos and Phamyldihide [*sic*] to lungs." *Id.*

Cedarcroft Defendants filed the instant Motion for Summary Judgment and supporting materials on January 14, 2016, arguing that they are entitled to Summary Judgment because "the undisputed facts show [that Plaintiff] was not exposed to asbestos or formaldehyde when he resided at Cedarcroft's facility, and [that Plaintiff] personally authorized Cedarcroft to receive his

Social Security benefits while he was a resident at Cedardroft; thus, Cedarcroft did not commit any fraud when it submitted a form to the Social Security Administration that [Plaintiff] expressly executed." Docket Nos. 22-23.

For the reasons discussed below, the undersigned finds that there is no genuine dispute as to any material fact and that the Cedarcroft Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that the instant Motion for Summary Judgment (Docket No. 22) be GRANTED, and that Plaintiff's claims against the Cedarcroft Defendants be DISMISSED.

## II. Undisputed Facts[3]

Cedarcroft is a facility established in 1974 and licensed in 1996 with the Tennessee Department of Mental Health and Retardation that is dedicated to the care and welfare of mentally handicapped, disadvantaged, and homeless men. Docket No. 22-1, Affidavit of Peggy Zide ("Zide Aff."), ¶ 2. A majority of Cedarcroft's residents are recipients of Social Security benefits, and such benefits are applied to residents' room and board expenses, personal needs, and medical co-pays. *Id.*, ¶ 3. When a resident is incapable of handling his own finances, he executes a Reporting Change form, designating Cedarcroft as the appointed representative payee for his Social Security benefits, and Cedarcroft then applies such benefits to the resident's account. *Id.*, ¶ 4.

Plaintiff was a resident at Cedarcroft twice. *Id.*, ¶ 5. The first residency was from March 16, 2011 to February 14, 2012, and the second residency was from May 28, 2015 to August 9,

---

[3] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

2015. *Id.*

In 2005, Cedarcroft performed remediation work to remove asbestos located in the basement of its oldest building on its campus, an area inaccessible to residents. *Id.*, ¶ 6. The remediation work was completed in 2005, and TOSHA then inspected the premises and concluded no other asbestos remediation work was required. *Id.* There was no remediation work performed when Plaintiff was a resident at Cedarcroft. *Id.*

Cedarcroft has never maintained or stored any formaldehyde or formaldehyde products at its premises, including when Plaintiff was a resident or at any other time. *Id.*, ¶ 7.

Before his residency beginning in May 2015, Plaintiff's psychiatrist, Dr. Osipchuk, executed a Physician's/Medical Officer's Statement of Patient's Capability to Manage Benefits that stated that Plaintiff was incapable of managing his finances. *Id.*, ¶ 9. Dr. Osipchuk is not an employee at Cedarcroft. *Id.*

On May 28, 2015, Plaintiff executed a Reporting Change form, designating Cedarcroft as the appointed representative payee for his Social Security Benefits. *Id.*, ¶ 8; Docket No. 23.

From May 2015 to August 9, 2015, Cedarcroft received Social Security benefits on Plaintiff's behalf. *Id.*, ¶ 11. These funds were used to pay Plaintiff's monthly room and board expenses, which totaled $771.00 per month, as well as pharmacy-related expenses. *Id.*

After Plaintiff terminated his residency on August 9, 2015, Cedarcroft returned to the Social Security Administration all Social Security monies it had for Plaintiff and concluded its role as Plaintiff's designated payee for Social Security benefits. *Id.*, ¶ 12. Cedarcroft disbursed all other funds held for the benefit of Plaintiff to Plaintiff at the conclusion of his residency at Cedarcroft. *Id.*, ¶ 13.

Cedarcroft and its employees did not create any medical records for Plaintiff during his residency. *Id.*, ¶ 10.

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Cedarcroft Defendants filed the pending Motion on January 14, 2016. Docket No. 22. Plaintiff has failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has also failed to respond to the Cedarcroft Defendants' Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether the Cedarcroft

5

Defendants are entitled to a judgment as a matter of law.

**B. Summary Judgment Standards**

It would be inappropriate to grant the Cedarcroft Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether the Cedarcroft Defendants have met their burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the

evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. The Case at Bar**

Although Plaintiff avers that he was exposed to asbestos and formaldehyde during his residency at Cedarcroft, the undisputed facts establish that: (1) Cedarcroft completed its asbestos remediation work in 2005, prior to Plaintiff's residency; (2) TOSHA inspected the premises and concluded that no other asbestos remediation work was required; (3) no remediation work was performed when Plaintiff was a resident at Cedarcroft; and (4) Cedarcroft has never maintained or stored any formaldehyde or formaldehyde products on its premises. Zide Aff., ¶¶ 6,7. Accordingly, it is undisputed that Plaintiff was not exposed to either asbestos and formaldehyde during his residency at Cedarcroft, and Cedarcroft Defendants are entitled to a judgment as a matter of law on this claim.

With regard to Plaintiff's contention that the Cedarcroft Defendants falsified payeeship documents with the Social Security Administration, it is undisputed that Dr. Osipchuk, Plaintiff's psychiatrist, executed a Physician's/Medical Officer's Statement of Patient's Capability to Manage Benefits that stated that Plaintiff was incapable of managing his finances, and that, on May 28, 2015, Plaintiff executed a Reporting Change form, designating Cedarcroft as the appointed representative payee for his Social Security Benefits. *Id.*, ¶¶ 8, 9; Docket No. 23. It is further undisputed that after Plaintiff terminated his residency on August 9, 2015, Cedarcroft returned to the Social Security Administration all Social Security monies it had for Plaintiff and concluded its role as Plaintiff's designated payee for Social Security benefits, and that Cedarcroft disbursed all other funds held for the benefit of Plaintiff to Plaintiff at the conclusion of his residency at Cedarcroft. *Id.*, ¶¶ 12, 13. In light of the undisputed facts, Plaintiff cannot sustain this claim and Cedarcroft Defendants are entitled to judgment as a matter of law on this claim as well.

### IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no dispute as to any material fact and that Cedarcroft Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that the instant Motion for Summary Judgment (Docket No. 22) be GRANTED, and that Plaintiff's claims against the Cedarcroft Defendants be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                       E. Clifton Knowles
                                                       United States Magistrate Judge